**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**CENTRAL DIVISION**

ACIE ANTHONY BREWER,                                                                    PLAINTIFF
ADC # 083459

v.                                            4:23CV00364-LPR-JTK

DOE, et al.                                                                              DEFENDANTS

**PROPOSED FINDINGS AND RECOMMENDATIONS**

**INSTRUCTIONS**

The following recommended disposition ("Recommendation") has been sent to United States District Judge Lee P. Rudofsky. Any party may file written objections to all or part of this Recommendation. If you do so, those objections must: (1) specifically explain the factual and/or legal basis for your objections; and (2) be received by the Clerk of this Court within fourteen (14) days of this Recommendation. By not objecting, you may waive the right to appeal questions of fact.

**DISPOSITION**

I.      **Introduction**

Acie Anthony Brewer ("Plaintiff") is incarcerated in the Varner Unit of the Arkansas Division of Correction ("ADC"). He filed a Motion for Leave to Proceed In Forma Pauperis, which was granted, along with a pro se Complaint under 42 U.S.C. § 1983 alleging violations of Plaintiff's federally protected rights. (Doc. Nos. 1, 5, 6, 7). Plaintiff sued Varner Unit Warden James Gibson, Major Carl Lewis, Captain Lawrence Goodloe, and an unidentified Building Major (collectively, "Defendants") in their personal and official capacities seeking damages only. (Doc. Nos. 1, 6).

Upon screening Plaintiff's claims pursuant to the Prison Litigation Reform Act ("PLRA") and in forma pauperis statute, as the Court is required to do, the Court recommended Plaintiff's official capacity claims be dismissed without prejudice along with Plaintiff's negligence, failure to supervise, and failure to train claims.   (Doc. No. 10).   The Recommendation remains pending. The Court also has recommended that Plaintiff's two Motions for Summary Judgment (Doc. Nos. 12, 23) be denied.   (Doc. Nos. 13, 24).   Those Recommendations also remain pending.

Defendants have filed a Motion to Dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.   (Doc. No. 16).   Plaintiff has not responded, and the time for doing so has passed.   For the reasons set out below, the Court recommends that Defendants' Motion be granted.

## II.     Standard

Rule 12(b)(6) of the Federal Rules of Civil Procedure authorizes a court to dismiss a claim on the basis of a dispositive issue of law.   Neitzke v. Williams, 490 U.S. 319, 326 (1989).   If, as a matter of law, "it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations," a claim must be dismissed, without regard to whether it is based on an outlandish legal theory or on a close but ultimately unavailing one.   Id. at 327 (quoting Hishon v. King & Spalding, 467 U.S. 69, 73 (1984)); see also O'Neal v. State Farm Fire & Cas. Co., 630 F.3d 1075, 1077 (8th Cir. 2011).

When considering a motion to dismiss under Rule 12(b)(6), the court must accept as true all of the factual allegations contained in the complaint and all reasonable inferences from the complaint must be drawn in favor of the nonmoving party. Erickson v. Pardus, 551 U.S. 89, 94 (2007); Young v. City of St. Charles, Mo., 244 F.3d 623, 627 (8th Cir. 2001).   The court reads the complaint as a whole, not parsed piece by piece to determine whether each allegation, in isolation, is plausible. Braden v. Wal-Mart Stores, Inc., 588 F.3d 585, 594 (8th Cir. 2009).   In

addition to the complaint, the court may consider matters of public record, orders, items appearing in the record of the case, and exhibits attached to the complaint. See Porous Media Corp. v. Pall Corp., 186 F.3d 1077, 1079 (8th Cir. 1999).

To survive a motion to dismiss under Rule 12(b)(6), a complaint must allege facts sufficient to state a claim as a matter of law and not merely legal conclusions. Young, 244 F.3d at 627. The factual allegations in the complaint must "state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. Id. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. Id. (quoting Bell Atlantic, 550 U.S. at 556). Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'" Id. (quoting Bell Atlantic, 550 U.S. at 557).

### III.    Discussion

#### A.    Plaintiff's Complaint

Plaintiff filed a Complaint and an Amended Complaint. (Doc. Nos. 1, 6). As the Court of Appeals for the Eighth Circuit has indicated, "pleadings must be construed so as to do justice." Kiir v. N. Dakota Pub. Health, 651 F. App'x 567, 568 (8th Cir. 2016) (citing Fed. R. Civ. P. 8(e)). See also Cooper v. Schriro, 189 F.3d 781, 783 (8th Cir. 1999) (per curiam) (pleadings should be read together). Further, "[t]he court reads the complaint as a whole, not parsed piece by piece to determine whether each allegation, in isolation, is plausible." Braden v. Wal-Mart Stores, Inc., 588 F.3d 585, 594 (8th Cir. 2009).

3

According to Plaintiff, on March 14, 2023 inmate Devin Weaver grabbed a broom that was left out for cleaning the barracks in which Weaver and Plaintiff were located. (Doc. No. 6 at 9). Weaver took the broom, went downstairs to Plaintiff's rack (bed), raised the broom, and hit Plaintiff in the head with the broom while Plaintiff was asleep. (Id. at 8, 9). Plaintiff was taken to the hospital and received 12 stitches for the wound he suffered in the middle of his head. (Doc. No. 1; Doc. No. 6 at 5). Plaintiff says he also sustained a brain injury as a result of the attack. (Doc. No. 6 at 5).

Plaintiff sued Defendants in their personal and official capacities in connection with Weaver's attack. Plaintiff alleged that Defendants failed to protect him from an inmate who is Aryan Nation and who "they knew . . . was dangerous and gang affiliated." (Id. at 5-6). Plaintiff also alleged that Defendants Goodloe and Lewis failed to supervise staff, and that Defendant Gibson failed to train staff. (Id.). Additionally, Plaintiff alleges that Defendants Goodloe and Lewis were negligent. (Id. at 5). Plaintiff seeks damages only. (Id. at 7).

### B.    Official Capacity Claims

Plaintiff sued Defendants in their personal and official capacities seeking damages only. "A suit against a government officer in his official capacity is functionally equivalent to a suit against the employing governmental entity." Veatch v. Bartels Lutheran Home, 627 F.3d 1254, 1257 (8th Cir. 2010). Accordingly, Plaintiff's official capacity claims against Defendants are the equivalent of claims against the state of Arkansas and are barred by Eleventh Amendment. Will v. Michigan Dept. of State Police, 491 U.S. 58, 71 (1989).

### C.    Personal Capacity Claims

Plaintiff's claims fall under 42 U.S.C. § 1983. "Liability under § 1983 requires a causal link to, and direct responsibility for, the alleged deprivation of rights." Madewell v. Roberts, 909

F.2d 1203, 1208 (8th Cir. 1990). "Because vicarious liability is inapplicable to . . . § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." Parrish v. Ball, 594 F.3d 993, 1001 (8th Cir. 2010) (citing Ashcroft v. Iqbal, 556 U.S. 662, 676 (2009)). Bare allegations void of factual enhancement are insufficient to state a claim for relief under § 1983. See Iqbal, 556 U.S. at 678.

### 1.    Negligence

Plaintiff alleged that Defendants Goodloe and Lewis acted negligently. (Doc. No. 6 at 5). "Mere negligence is not sufficient to support a cause of action under § 1983." Davis v. Hall, 992 F.2d 151, 153 (8th Cir. 1993). As such, Plaintiff's negligence claims should be dismissed for failure to state a claim on which relief may be granted.

### 2.    Failure to Train and Supervise

Plaintiff alleged Defendants failed to train or failed to supervise their subordinates.

Liability in an action brough under 42 U.S.C. § 1983 is based on an individual's own actions. Parrish, 594 F.3d at 1001. It follows that supervisor liability in § 1983 actions is limited. In claims brought pursuant to § 1983, a supervisor cannot be held liable on a theory of respondeat superior for his or her employees' allegedly unconstitutional actions. Id. A supervisor incurs liability only if he or she is personally involved in the constitutional violation, or when his or her corrective inaction constitutes deliberate indifference to the violation. Choate v. Lockhart, 7 F.3d 1370, 1376 (8th Cir. 1993).

As the Court of Appeals for the Eighth Circuit recently explained,

[t]he failure to train or supervise . . . must 'reflect[ ] a deliberate or conscious choice.' [] 'To be deliberately indifferent, an 'official must both be aware of facts from which the inference could be drawn that a substantial risk of [unconstitutional] harm exists, and he must also draw the inference.'

Sturgeon v. Faughn, 36 F.4th 804, 809 (8th Cir. 2022) (internal citations omitted).

To succeed on a failure to train or supervise claim, a plaintiff must show that the supervisor:

> (1) had notice of a pattern of unconstitutional acts committed by subordinates; (2) was deliberately indifferent to or tacitly authorized those acts; and (3) failed to take sufficient remedial action; (4) proximately causing injury to [the plaintiff]

Perkins v. Hastings, 915 F.3d 512, 524 (8th Cir. 2019) (internal citation omitted).

Here, Plaintiff does not plead any facts indicating that any Defendant drew the inference that there was a substantial risk of harm to Plaintiff, but ignored that risk. Further, Plaintiff does not plead that any Defendant had notice of any additional allegedly unlawful actions by subordinates. The only unlawful incident Plaintiff describes is the same incident on which his failure to protect claim is based. As such, Plaintiff fails to state a failure to train and failure to supervise claim on which relief may be granted.

### 3.    Failure to Protect

The Court of Appeals for the Eighth Circuit considered failure to protect in the context of inmate-on-inmate assault in Vandevender v. Sass, 970 F.3d 972, 975-76 (8th Cir. 2020). The Court explained that "[a] prison official "violates the Eighth Amendment if he is deliberately indifferent to the need to protect an inmate from a substantial risk of serious harm from other inmates." Id. at 975 (internal citation omitted).

A failure to protect claim "has an objective component, whether there was a substantial risk of serious harm to the inmate, and a subjective component, whether the prison official was deliberately indifferent to that risk." (Id.). For a defendant to be found liable, "'the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference.'" Id. (quoting Farmer v. Brennan, 511 U.S. 825, 837 (1994)).

6

To establish deliberate indifference in failing to protect from assault by another inmate, a plaintiff "'must show that he was faced with a pervasive risk of harm and that the prison officials failed to respond reasonably to that risk.'"  Id. at 977 (internal citation omitted).   The Court of Appeals for the Eighth Circuit has stated that

> a "pervasive risk of harm" may not ordinarily be shown by pointing to a single incident or isolated incidents, but it may be established by much less than proof of a reign of violence and terror in the particular institution.   It is enough that violence and sexual assaults occur with sufficient frequency that prisoners are put in reasonable fear for their safety and to reasonably apprise prison officials of the existence of the problem and the need for protective measures.

Id.

Plaintiff alleges failure to protect.   Specifically, Plaintiff claims that Defendant Goodloe failed to protect him from assault by another inmate when cleaning supplies were left in the barracks unsupervised. (Doc. No. 6 at 4, 6).   Plaintiff also alleges Devin Weaver, the inmate who beat Plaintiff with the broom, was dangerous and affiliated with Aryan Nation.

In support of their Motion, Defendants cite Vandevender v. Sass.   In that case, the Court of Appeals for the Eighth Circuit considered whether wooden boards stored in unsecured shelves in an industry area presented a substantial risk of serious harm to inmates where such a board had been used in an inmate-on-inmate attack.   970 F.3d at 976.   Ultimately, the Court found that, considering the legitimate use of the boards in the industry area and the surprise nature of the attack, there was no violation.   Id. at 978.   Defendants urge the same rationale should apply in this case.

In Vandevender, Plaintiff had not alleged that the other inmate was known to be volatile or violent.   Id. at 976.   Here, Plaintiff asserts that Weaver was dangerous and affiliated with Aryan Nation.   But Plaintiff provides no factual allegations of why he thinks Weaver was dangerous.   Plaintiff did not allege that Weaver had threatened him before.   Plaintiff did not

allege that he and Weaver had fought before, had been cellmates before, or even whether he knew Weaver before the attack.   Further, Plaintiff provided no insight into how any Defendant allegedly knew that Weaver was dangerous.   The only example of Weaver's dangerous behavior was the attack on Plaintiff himself.   But the attack on Plaintiff cannot be used to show that any Defendant had knowledge of Weaver presenting a danger to Plaintiff.   Plaintiff also has not alleged that a broom had been used in any other attack, or that any Defendant had knowledge of a broom being used in an attack.   Considering the legitimate use of a broom in the barracks and Plaintiff's lack of factual support for his claim, Plaintiff has failed to sufficiently allege a violation.   And even if a violation was alleged, Defendants would be entitled to qualified immunity.   See Vandender, 970 F.3d 972, 975-978.

The Court reminds Plaintiff that he may file objections to this Recommendation.   If Plaintiff can allege facts to support his allegation that Weaver was dangerous and Defendants knew that, he should do so in the objection.   Similarly, if Plaintiff can establish that Defendants knew the broom had been used in earlier attacks, Plaintiff should explain that in his objection.

## IV.    Conclusion

IT IS, THEREFORE, RECOMMENDED that:

1.    Defendants' Motion to Dismiss for Failure to State a Claim (Doc. No. 16) be GRANTED.

2.    This action be DISMISSED without prejudice for failure to state a claim on which relief may be granted.

3.    The Court's earlier Recommendations (Doc. Nos. 10, 13, 24) be DENIED as moot.

4.      The Court recommend[1] that this dismissal count as a "strike" for purposes of 28 U.S.C. § 1915(g).[2]

5.      The Court certify, pursuant to 28 U.S.C. § 1915(a)(3), that an in forma pauperis appeal from any Order adopting these recommendations and accompanying Judgment would not be taken in good faith.

Dated this 17th day of July, 2023.

_____
JEROME T. KEARNEY
UNITED STATES MAGISTRATE JUDGE

---

[1] The number of strikes a plaintiff has accrued may be determined only by looking backwards to past dismissals; 28 U.S.C. § 1915(g) leaves the effective decision to the later tribunal. Gonzalez v. United States, 23 F. 4th 788, 789-91 (8th Cir. 2022).

[2] Title 28 U.S.C. § 1915(g) provides as follows:    "In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury."